William C. WAGGONER et al., Plaintiffs,

v.

R. McGRAY, INC., et al., Defendants.

No. CV 76–3255–AAH.

United States District Court, C. D. California.

May 26, 1977.

John Chakmak, Stafford, Buxbaum & Chakmak, Claremont, Cal., for defendant Tri-Central Const. Co.

S. R. Zimmerman, Santa Barbara, Cal., for defendant O'Shaughnessy Const. Co.

Albert Rush of law offices of Wayne Jett, Los Angeles, Cal., for plaintiffs.

Findings Of Fact And Conclusions Of Law

HAUK, District Judge.

This case came to be heard before this court on May 2, 1977, in courtroom 1, before the Honorable A. Andrew Hauk, Judge presiding, upon the motions of Defendants, Tri-Central Construction Company and O'Shaughnessy Construction Company, to dismiss the Plaintiffs' complaint against said Defendants pursuant to Rule 12(b)(6) F.R.Civ.P. The court, having read and studied the official court record in this action, including the complaint and the points and authorities filed by Plaintiffs and Defendants and having heard oral argument on said motions, hereby makes the following findings of fact and conclusions of law pursuant to Rule 7 of the Rules of the United States District Court for the Central District of California.

For purposes of deciding these motions, all material allegations of the complaint are deemed admitted. *Walker Process Equip. v. Food Mach. & Chemical Corp.* (1965), 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247. Said material allegations are set forth under the heading of Findings of Fact.

### FINDINGS OF FACT

1. The Plaintiffs in this action are the trustees and together respectively constitute the boards of trustees of the Operating Engineers Health and Welfare Fund, Pension Trust, Vacation-Holiday Savings Trust, and Journeyman and Apprentice Training Trust. Said trusts were established and perpetuated by collective bargaining agreements between the International Union of Operating Engineers, Local Union No. 12 (hereinafter "Local 12"), and certain employer associations.

2. The collective bargaining agreement known as the Master Labor Agreement establishes certain working conditions applicable to employees in the construction industry in the Southern California area.

3. Defendants, Tri-Central Construction Company (hereinafter "Tri-Central") and O'Shaughnessy Construction Company (hereinafter "O'Shaughnessy") are signatory to the Master Labor Agreement with

Local 12. Plaintiffs have conceded that this is the identical Master Labor Agreement that was the subject of the decision in *Griffith Co., et al. v. N.L.R.B.* (9th Cir. 1976) 545 F.2d 1194. This case is also otherwise factually similar to the *Griffith* case.

4. Plaintiffs allege in their complaint that Defendant R. McGray, Inc. (hereinafter "McGRAY") was bound by all the terms and conditions of a written collective bargaining agreement with Local 12, which provided, *inter alia,* for the payment of fringe benefit contributions to Plaintiffs' trusts in the total sum of Twenty Thousand Four Hundred Ninety Two Dollars Five Cents ($20,492.05), and that this amount was due, owing, and unpaid to Plaintiffs. Plaintiffs also claim interest, audit costs, and attorney's fees from Defendant McGray. The written collective bargaining agreement between McGray and Local 12 is a so-called "short form" agreement which provides that McGray shall be bound by all the terms and conditions of written and existing multi-employer agreements, and in particular the Master Labor Agreement with Local 12 to which Defendants Tri-Central and O'Shaughnessy are signatory through their employer association.

5. As against Defendants Tri-Central and O'Shaughnessy, Plaintiffs allege that the terms of the Master Labor Agreement provide that, if any signatory employer such as Tri-Central and/or O'Shaughnessy subcontracts construction work to another employer such as McGray when that subcontractor (McGRAY) is then listed on a "delinquency list" promulgated by Plaintiffs, then the primary employer (TRI–CENTRAL and/or O'SHAUGHNESSY) thereby becomes liable for all past accrued fringe benefit delinquencies of the subcontractor (McGRAY) to Plaintiffs' trusts.

6. Plaintiffs further allege in their complaint that Defendant McGRAY became delinquent in payment of its fringe benefit contributions and was placed on the delinquency list issued by Plaintiffs on or about November 1, 1974. Thereafter, Plaintiffs allege that Defendants Tri-Central and O'Shaughnessy entered into subcontracts

with McGray and thereby became liable to Plaintiffs for said accrued and delinquent sums.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185) as an action for alleged breach of a contract between an employer and a labor organization representing employees in an industry affecting commerce.

■ 2. The liability of Defendants Tri-Central and O'Shaughnessy depends on the legal efficacy of certain guaranty provisions (paragraphs 15 and 16) of the Master Labor Agreement between said Defendants and Local 12. The United States Court of Appeals for the Ninth Circuit has held that these very same provisions constitute an agreement between a labor organization and an employer to cease doing business with other persons within the meaning of Section 8(e) of the National Labor Relations Act (29 U.S.C. § 158(e), hereinafter "the Act"). See *Griffith Co., et al. v. N.L.R.B.* (9th Cir. 1976), 545 F.2d 1194. In *Griffith,* the court also found that the very same provisions of the Master Labor Agreement involved in this action constituted "secondary" activity within the meaning of *National Woodwork Manufacturers Association v. N.L.R.B.* (1967), 386 U.S. 612, 87 S.Ct. 1250, 18 L.Ed.2d 357. This court likewise so finds.

3. Although *Griffith* arose in the context of an unfair labor practice, the Ninth Circuit's conclusion therein brings into play the sanction found in Section 8(e) of the Act, namely, that such forbidden agreements are "unenforceable and void." The court, therefore finds that Plaintiffs cannot state a cause of action against Defendants Tri-Central and/or O'Shaughnessy under such unenforceable and void provisions of the Master Labor Agreement.

4. The court has examined the argument advanced by Plaintiffs that, notwithstanding their secondary thrust, the provisions of the Master Labor Agreement at

issue are saved from illegality by the first proviso to Section 8(e) of the Act known as the "construction industry" proviso. The court finds that the construction industry proviso is not applicable to the provisions of the Master Labor Agreement under which Plaintiffs make their claims against Defendants Tri-Central and/or O'Shaughnessy. The National Labor Relations Board and the courts have uniformly held that, "the purpose of the Section 8(e) proviso was to alleviate the frictions that may arise when union men work continuously along side non-union men on the same construction site." *Acco Construction Equipment, Inc. v. N.L.R.B.* (9th Cir. 1975), 511 F.2d 848, 851; *Drivers, Salesmen, etc., Local 695 v. N.L.R.B.* (1966), 124 U.S.App.D.C. 93, 361 F.2d 547, 553; *Essex County and Vic. Dist. Counsel of Carpenters v. N.L.R.B.* (3rd Cir. 1964), 332 F.2d 636, 640. It is only to these Congressional policies that the construction industry proviso is directed. *Connell Construction Co., Inc. v. Plumbers and Steam Fitters Local Union No. 100* (1975), 421 U.S. 616, 95 S.Ct. 1830, 44 L.Ed.2d 418. It does not appear to the court that the provisions under which Plaintiffs make their claims against Defendants Tri-Central and/or O'Shaughnessy serve any of these policies. Plaintiffs allege in their complaint that Defendant McGray was signatory to a "short form" collective bargaining agreement with Local 12 that incorporates, by reference, the terms of the Master Labor Agreement. Thus, the policy of alleviation of job site friction (a legitimate proviso saved interest of the unionized employees of Defendants TRI–CENTRAL and O'SHAUGHNESSY) is fully protected, and the fringe benefit guaranty provisions under which Plaintiffs' claim add nothing to this legitimate union interest. The court has not been cited to either case law or the legislative history of the construction industry proviso that would support the proposition that said proviso was ever intended to permit agreements guarantying adherence by the subcontractor to the collective bargaining agreement. Under the construction industry proviso to Section 8(e) of the Act, all that Defendants Tri-Central and/or

O'Shaughnessy could lawfully do is to insure that Defendant McGray was signatory to an agreement with Local 12. From that point forward, compliance by McGray with the fringe benefit provisions of that agreement is not the legitimate concern of the agreement between Local 12 and Tri-Central and/or O'Shaughnessy.

5. The court concludes, therefore, that the provisions in the Master Labor Agreement under which Plaintiffs proceed against Defendants Tri-Central and/or O'Shaughnessy, are against national labor policy as expressed in Section 8(e) of the Act (29 U.S.C. § 158(e)), that said provisions are unenforceable and void, and that Plaintiffs may not state a claim under the provisions of the Master Labor Agreement at issue upon which relief may be granted by this court.

6. The motions to dismiss under Rule 12(b)(6) F.R.Civ.P. by Defendants Tri-Central and O'Shaughnessy are granted with prejudice. Judgment should be entered for Defendants Tri-Central Construction Company and O'Shaughnessy Construction Company, together with costs, in accordance with these findings of fact and conclusions of law.

7. Any findings of fact deemed to be conclusions of law are hereby incorporated in these conclusions of law.

Let Judgment be entered accordingly.